1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT ROSS,                                  No.  2:14-cv-2533-EFB P (TEMP)

12            Plaintiff,

13       v.                                       ORDER

14   J. CLARK KELSO, et al.,

15            Defendants.

16

17       Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C.

18   § 1983.[1]  He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   **I.    Request to Proceed In Forma Pauperis**

20       Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a).  Accordingly,

21   the request to proceed in forma pauperis is granted.

22       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   _____

28   [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
     § 636(b)(1).

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.    Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**Screening Order**

Plaintiff names in his complaint nine defendants: J. Clark Kelso (receiver for the California Correctional Health Care Services), L. Austin (identified as "Chief Executive Officer"), Health Care Appeals Coordinator R. Fleischman, Healthcare Appeals Coordinator C. Davis, Dr. Martinez, Dr. Zacharia, Dr. Kotarek, Dr. McAlpine, and Dr. Rallos.  ECF No. 1 at 2.

Plaintiff states that he suffers from hepatitis C, and alleges that defendants have failed to adequately treat this medical condition.  *Id*. at 3.  According to plaintiff, prior to his incarceration, he was to be treated for hepatitis C through the United States Veterans Administration ("VA").  *Id.* at 7.  Once he was incarcerated, plaintiff arranged for his VA medical records to be provided to defendant Dr. Martinez.  *Id*.  Plaintiff alleges that Dr. Martinez provided treatment at only half the dosage prescribed by the VA, and then, claiming that plaintiff's body "could not handle it" and that plaintiff's "[p]latelets were low and dropping, and [t]he [i]njections/[t]reatment [c]ost too much," halted treatment.  *Id*.  Plaintiff disagrees with this decision.  *Id*.

Plaintiff then alleges that defendant Dr. Martinez failed to treat him with a new, unnamed hepatitis C medication which received FDA approval and became available in 2011.  ECF No. 1 at 8.  Plaintiff describes the reasons that Dr. Martinez provided for failing to treat him with the new medication, characterizing them as "intentional tactics to evade and circumvent the treatment, therefore Constituting Deliberate Indifference." (sic) *Id*.

Plaintiff next states that, after Dr. Martinez stopped working at California State Prison-Solano ("CSP-Solano"), defendant Dr. Kotarek continued to deny plaintiff treatment, on the grounds that plaintiff's blood platelets were too low.  ECF No. 1 at 8.

Plaintiff seeks an order compelling defendants to treat him with Sovaldi (a hepatitis C drug), as well as monetary damages.  ECF No. 1 at 3, 13.

/////

1    The gravamen of plaintiff's complaint appears to be that defendants have to date failed to

2    provide him with constitutionally-adequate medical care.  However, as currently pled, the

3    complaint fails to state a claim for relief under Section 1983.  A prison physician is not

4    deliberately indifferent to an inmate's serious medical need when the physician prescribes a

5    different method of treatment than that requested by the inmate.  *See Franklin v. Oregon*, 662

6    F.2d 1337, 1344 (9th Cir. 1981) ("[A] difference of opinion between a prisoner-patient and prison

7    medical authorities regarding treatment does not give rise to a [Section] 1983 claim."); *Leandry v.*

8    *Cnty. of Los Angeles*, 352 F. App'x 214, 216 (9th Cir. 2013) ("[A] difference of opinion between

9    medical professionals concerning a diagnosis or appropriate course of treatment does not amount

10   to deliberate indifference to serious medical needs . . . nor does a difference of opinion between

11   the physician and the prisoner . . . .") (citations omitted).  To establish that a difference of opinion

12   amounts to deliberate indifference, the inmate "must show that the course of treatment the doctors

13   chose was medically unacceptable under the circumstances" and that the course of treatment was

14   chosen "in conscious disregard of an excessive risk to [the prisoner's] health."  *Jackson v.*

15   *McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted); *see also Snow v. McDaniel*, 681

16   F.3d 978, 988 (9th Cir. 2012) (finding that "a reasonable jury could conclude that the decision of

17   the non-treating, non-specialist physicians to repeatedly deny the recommendations for surgery

18   was medically unacceptable under the circumstances"), *overruled on other grounds by Peralta v.*

19   *Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc).

20   The allegations in plaintiff's complaint fail to meet this demanding standard.  At bottom,

21   plaintiff appears to disagree with defendant Dr. Martinez's and Dr. Kotarek's respective decisions

22   not to administer hepatitis C treatment due in part to their concerns about plaintiff's blood platelet

23   levels.  *See* ECF No. 1 at 7, 8.  Plaintiff's statement that "there is a treatment/injection to

24   boost the [p]latelets" (*id.* at 7) is insufficient, as a matter of law, to demonstrate that these

25   decisions were "medically unacceptable," *Jackson*, 90 F.3d at 332.  Plaintiff has also failed to

26   allege "an excessive risk to [his] health," *id.* at 332, as a result of these physicians' decisions.

27   It also does not appear to the court, based on the allegations in the complaint, that plaintiff

28   can proceed against defendant J. Clark Kelso.  Plaintiff explicitly states that he means to hold

4

1   defendant Kelso liable under a theory of respondeat superior.  ECF No. 1 at 6.  Under section

2   1983, plaintiff must demonstrate that each defendant *personally* participated in the deprivation of

3   his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must demonstrate that

4   each defendant, through his or her own individual actions, violated plaintiff's constitutional

5   rights.  *Iqbal*, 556 U.S. at 677.  Liability may not be imposed on supervisory personnel under

6   section 1983 on the theory of respondeat superior, as each defendant is only liable for his or her

7   own misconduct.  *Id.*; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).  A

8   supervisor may be held liable only if he or she "participated in or directed the violations, or knew

9   of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

10   1989); *accord Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark*

11   *County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007).

12          The complaint is also deficient in that plaintiff has failed to specify how each of the

13   remaining named defendants – Austin, Fleischman, Davis, Dr. Zacharia, Dr. McAlpine, and

14   Dr. Rallos – is responsible for plaintiff's alleged injuries.  In any amended complaint, plaintiff

15   should set forth facts demonstrating how each defendant's act or failure to act constitutes

16   deliberate indifference to plaintiff's serious medical needs.  It may be that plaintiff intended the

17   court to infer the grounds for these defendants' alleged liability from the 158 pages of exhibits

18   attached to his complaint.  While plaintiff is permitted to refer to attached exhibits in his

19   complaint, Fed. R. Civ. P. 10(c), he should set forth the pertinent factual allegations in the body

20   of the complaint and provide a precise reference to any exhibit on which he relies, rather than

21   assuming that the court will piece together the elements of his claim from the content of the

22   exhibits.

23          For the reasons set forth above, the court has determined that the complaint does not

24   contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal

25   Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of

26   the claim plainly and succinctly.  *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir.

27   1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants

28   engaged in that support plaintiff's claim.  *Id.*  Because plaintiff has failed to comply with the

1   requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

2   however, grant leave to file an amended complaint.

3       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

4   complained of have resulted in a deprivation of plaintiff's constitutional rights.  *See Ellis v.*

5   *Cassidy*, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

6   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

7   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

8   *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980);

9   *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

10   allegations of official participation in civil rights violations are not sufficient.  *Ivey v. Bd. of*

11   *Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

12       As it appears that plaintiff is attempting to bring claims under the Eighth Amendment for

13   inadequate medical care, the court briefly sets forth the standards that govern such a claim.

14       To state a claim for violation of the Eighth Amendment based on inadequate medical care,

15   plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to

16   serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must

17   show both that his medical needs were objectively serious, and that defendant possessed a

18   sufficiently culpable state of mind.  *Snow*, 681 F.3d at 982; *Wilson v. Seiter*, 501 U.S. 294, 297-

19   99 (1991).

20       To meet the objective element, plaintiff must demonstrate the existence of a serious

21   medical need.  *Estelle*, 429 U.S. at 104.  Such a need exists if the failure to treat the injury or

22   condition "could result in further significant injury" or cause "the unnecessary and wanton

23   infliction of pain."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotes and

24   citations omitted).  Serious medical needs include "[t]he existence of an injury that a reasonable

25   doctor or patient would find important and worthy of comment or treatment; the presence of a

26   medical condition that significantly affects an individual's daily activities; [and] the existence of

27   chronic and substantial pain."  *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992),

28   *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

1       Under the subjective element, a prison official is deliberately indifferent only if the

2   official "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v.*

3   *Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotes and citation omitted).  To prevail on

4   a claim for deliberate indifference, a prisoner must demonstrate that the prison official "kn[ew] of

5   and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of

6   the facts from which the inference could be drawn that a substantial risk of serious harm exists,

7   and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate

8   indifference "may appear when prison officials deny, delay or intentionally interfere with medical

9   treatment, or it may be shown by the way in which prison physicians provide medical care."

10  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  The court "need not defer to the

11  judgment of prison doctors or administrators" when deciding the deliberate indifference element.

12  *Hunt v. Dental Dept.,* 865 F.2d 198, 200 (9th Cir. 1989) (where prison officials were aware loss

13  of his dentures was causing him severe pain and permanent physical damage, three month delay

14  in providing pain relief and soft food diet constituted Eighth Amendment violation).

15      Delays in providing medical care may manifest deliberate indifference.  *Estelle*, 429 U.S.

16  at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

17  plaintiff must show that the delay was harmful.  *See Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th

18  Cir. 2002); *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994); *McGuckin*, 974 F.2d at 1059.

19  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

20  provide additional support for the inmate's claim that the defendant was deliberately indifferent to

21  his needs." *Jett,* 439 F.3d at 1096; *see also McGuckin*, 974 F.2d at 1060.

22      In applying the deliberate indifference standard, the Ninth Circuit has held that before it

23  can be said that a prisoner's civil rights have been abridged, "the indifference to his medical

24  needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not

25  support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

26  1980) (citing *Estelle*, 429 U.S. at 105-06.)  A complaint that a physician has been negligent in

27  diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

28  under the Eighth Amendment.  Even gross negligence is insufficient to establish deliberate

1    indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.

2    1990).  A difference of opinion between medical professionals concerning the appropriate course

3    of treatment generally does not amount to deliberate indifference to serious medical needs.

4    *Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  Also, "a

5    difference of opinion between a prisoner-patient and prison medical authorities regarding

6    treatment does not give rise to a [§]1983 claim."  *Franklin*, 662 F.2d at 1344.  To establish that

7    such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the

8    course of treatment the doctors chose was medically unacceptable under the circumstances" and

9    "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."

10   *See Jackson*, 90 F.3d at 332; *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012)

11   (awareness of need for treatment followed by unnecessary delay in implementing the prescribed

12   treatment sufficient to plead deliberate indifference); *see also Snow*, 681 F.3d at 988 (decision of

13   non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may

14   be medically unacceptable under all the circumstances).

15        Finally, plaintiff is cautioned that he cannot refer to a prior pleading in order to make his

16   amended complaint complete.  Local Rule 220 requires that an amended complaint be complete

17   in itself without reference to any prior pleading.  This is because, as a general rule, an amended

18   complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

19   Once plaintiff files an amended complaint, the original pleading no longer serves any function in

20   the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

21   involvement of each defendant must be sufficiently alleged.

22   **III.    Conclusion**

23        In accordance with the above, IT IS HEREBY ORDERED that:

24        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

25        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

26   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

27   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

28   /////

1  Director of the California Department of Corrections and Rehabilitation filed concurrently

2  herewith.

3      3.  Plaintiff's complaint is dismissed.

4      4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

5  complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the

6  Local Rules of Practice; the amended complaint must bear the docket number assigned this case

7  and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the

8  amended complaint; failure to file an amended complaint in accordance with this order will result

9  in a recommendation that this action be dismissed without further leave to amend.

10  DATED:  January 11, 2016.

11

12  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28